LOBRANO, Judge.
Defendant, Gregory James Cahanin, appeals from a garnishment rendered against him to satisfy a judgment for past due child support. On December 20,1985 plaintiff, Victoria Gallas Cahanin, was awarded an executory judgment for past due child support in the amount of $2,975.00 in addition to $500.00 in attorney fees and interest. A consent judgment for income assignment pursuant to La.R.S. 46:236.3 was also entered into authorizing defendant’s employer to deduct future child support payments from his bi-weekly compensation. During the December 18th hearing, however, the trial judge declined to add to the stipulated income assignment any additional amount towards payment of past due support. Instead he stated “No, I’m not going to do that. You have to collect that the best way you can.”
On January 15, 1986 a garnishment judgment was entered against defendant’s employer ordering him to deduct 25% of the disposable earnings of the defendant until such time as the writ of fieri facias was satisfied.
From that judgment, defendant has perfected this appeal.
Defendant’s primary argument is that the garnishment judgment is invalid because plaintiff did not follow the procedural requirements of the income assignment statute, La.R.S. 46:236.3 et seq. That statute requires among other things that defendant be served with the verified notice of the delinquency, a verified statement of the total amount of delinquency, a formula to compute the amount to be withheld as well as various procedures setting out defendant’s rights to contest and stay the assignment.
Defendant argues that these rules also apply to an ordinary garnishment proceeding under La.C.C.P. Art. 2411, when said garnishment is being used to satisfy a judgment of past due child support. We disagree.
The procedure for garnishment of wages is set forth in La.C.C.P. Art. 2411. Defendant does not contend that these procedures were not followed but rather argues that the procedures of the income assignment act should have been and were not adhered to. Article 2411 on garnishment and R.S. 46:236.3 on wage assignment provide two separate vehicles for collecting past due child support obligations. Unlike garnishment, however, income assignment also provides that future child support payments may be deducted from the defendant’s pay check when the defendant has a history of delinquency in making those support payments.
Nothing in either statute indicates that the procedures of one limit in any way the procedures and availability of the other. Therefore defendant’s argument in this respect is without merit.[1]
Similarly we are unable to find statutory or jurisprudential support for defendant’s contention that joint custody limits the availability of garnishment as a vehicle to obtain past due support.
Defendant’s arguments concerning the proper calculations of the past due child support are not considered since the judgment of December 20, 1985 setting that amount was not appealed and is now final.
*1298 Appellant also filed a motion with this Court seeking either contempt proceedings against appellee’s counsel, or the return of her brief because of alleged “insulting or discourteous” language contained therein. Rule 2-12.4 provides in part:
“The language used in the brief shall be courteous, free from vile, obscene, obnoxious or offensive expressions and free from insulting, abusive, discourteous or irrelevant matter or criticism of any person, class of persons or association of persons, or any court, or judge or other officer thereof, or of any institution.”
A reading of the briefs of both parties clearly indicates that this case has been a long and bitterly contested matter. We do not feel that appellee’s brief violates the spirit or intent of the above cited rule, and we therefore deny appellant’s motion.
AFFIRMED.

. Subsection L of R.S. 46:236.3 specifically provides:
"The rights, remedies, duties and penalties created by this Section are in addition to and not in substitution for any other rights, remedies, duties and penalties created by any other law."